IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JAMES DAVID CLARKE, JR., <br> TDCJ-CID No. 1832072, <br><br> Plaintiff, <br><br> v. <br><br> KEVIN D. FOLEY, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 2:16-CV-257-Z |

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff JAMES DAVID CLARKE, JR., acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). he same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint.[2] *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

## PLAINTIFF'S CLAIMS

At the time of filing this lawsuit, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Clements Unit in Amarillo, Texas. Plaintiff claims that three defendants: Warden Kevin D. Foley, Sergeant Hector S. Ramirez, and Sergeant NFN Luccuro failed to "follow proper procedures" following an accident. (ECF No. 3). Immediately following the accident, plaintiff submitted an I-60 request to see a physician. Plaintiff claims this failure resulted in a delay of over a month to get an X-ray of his hand. His hand suffered a fracture. Plaintiff was sent to see a specialist. Plaintiff claims his hand is still not "in line" and continues to cause him pain. Plaintiff asserts that if he had received immediate medical attention, he would not

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

have needed to see a specialist because his hand "would probably" have healed with the bone in its original place if it was set immediately after the injury.

## ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

A delay which does not aggravate or exacerbate the medical condition does not constitute a constitutional violation. *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988). A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff presents no allegation of deliberate indifference, but, at best, an allegation of medical malpractice or negligence. However, section 1983 is not a general tort statute, and mere negligence does not meet the standard for liability under section 1983. *Daniels v. Williams*, 474 U.S. 327, 331-34 (1986).

Plaintiff asserts defendants "failed to follow proper procedure" following his accident where his hand was injured. Plaintiff's complaint fails to articulate intentional conduct by the

defendants in the delay of medical care. Plaintiff was provided and submitted an I-60 request for medical care. Plaintiff fails to present any factual allegations that defendants deliberately failed to provide him access to medical care.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, section 1983 be DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

January 16, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE